OPINION
Defendant-appellant, Donald L. Higgins, appeals the decision of the Clermont County Court of Common Pleas classifying him as a sexual predator pursuant to R.C. Chapter 2950. For the reasons that follow, we affirm the decision of the trial court.
On July 16, 1992, appellant pled guilty to three counts of rape of a person less than thirteen years of age in violation of R.C.2907.02(A)(1)(b). The trial court sentenced appellant on each charge to an indefinite term of ten to twenty-five years in prison, to be served consecutively.
On December 9, 1997, the Ohio Department of Rehabilitation and Correction filed a recommendation that the trial court adjudicate appellant to be a sexual predator. The trial court held an adjudicatory hearing on June 21, 1999. Assistant Prosecuting Attorney Gregory Chapman provided the trial court with transcripts of appellant's plea proceeding and sentencing hearing, and testified generally to the nature of the appellant's conduct with the victim.
The victim was appellant's seven-year-old son. Appellant was forty-four years old at the time of the conduct. Appellant performed fellatio on his child twice and the child engaged in fellatio with appellant on one occasion.
At the original plea hearing, the state noted that there were allegations that appellant had also engaged in sexual activity with his youngest son. Mrs. Higgins, appellant's wife and the victim's mother, apparently corroborated these allegations in a written victim impact statement that she submitted to the court. According to the record, Mrs. Higgins' statement was integrated into appellant's presentence investigation.
On June 24, 1999, the trial court filed its decision finding that appellant is a sexual predator as defined by R.C. Chapter 2950. From the decision of the trial court, appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
R.C. CHAPTER 2950 VIOLATES THE OHIO CONSTITUTION.
In his first assignment of error, appellant contends that R.C. Chapter 2950, Ohio's "Megan's Law," denies him his inalienable rights under Article I, Section 1, of the Ohio Constitution. The Supreme Court of Ohio has found that the registration, verification, and notification provisions of R.C. Chapter 2950 are narrowly tailored to serve the legitimate purpose of the state's police powers, and that the provisions do not unreasonably infringe upon the rights of sexual predators. State v. Williams (2000), ___ Ohio St.3d ___, Ohio LEXIS 813 at *70. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT LACKED CLEAR AND CONVINCING EVIDENCE TO CLASSIFY APPELLANT A SEXUAL PREDATOR.
In his second assignment of error, appellant argues that the state presented insufficient evidence for the trial court to find him a sexual predator. Appellant also maintains that the trial court inappropriately relied on the transcripts from his plea and sentencing hearings because the state did not properly place them into evidence during the adjudicatory hearing. In addition, appellant argues that the trial court erred by relying on the victim impact statement written by appellant's wife.
In the context of a challenge to the sufficiency of the evidence,
 "sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go the jury or whether the evidence is legally sufficient to support the [judgment] as a matter of law. * * * In essence, sufficiency is a test of adequacy.
State v. Thompkins (1997), 78 Ohio St.3d 380, 386. When the evidence pertains to specific statutory findings which the trial court must make, the reviewing court must look to see whether the trial court followed the enumerated factors in making its determination, or whether the trial court abused its discretion by deviating from the statutory criteria. See In reWilliam S. (1996), 75 Ohio St.3d 95, 99.
Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than evidence "beyond a reasonable doubt." State v. Danby
(1983), 11 Ohio App.3d 38, 41, citing Cross, 161 Ohio St. at 477.
We must review the record to determine whether appellee presented evidence sufficient to meet its burden of production: clear and convincing evidence that the defendant is a sexual predator. In sexual predator adjudications, this review focuses on whether evidence was presented relating to the factors listed in R.C. 2950.09(B)(2). R.C. 2950.09(B)(2) states:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Neither party to a sexual predator classification hearing is required to present new evidence or call and examine witnesses. All that is required is that the parties are given the opportunity to do so. R.C. 2950.09(B)(1). The Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. State v. Cook (1998), 83 Ohio St.3d 404, 425. The trial judge may use reliable hearsay such as a presentence investigation report in making the sexual predator classification. Id. The trial court may also rely upon victim impact statements. See id. at 424; State v. Southerland (Dec. 30, 1999), Butler App. No. CA99-01-013, unreported; State v.Parker (Nov. 19, 1999), Columbiana App. No. 98-CO-76, unreported.
After evidence is presented, the trial court is required to consider the factors enumerated in R.C. 2950.09(C)(2)(b) in making its determination. In reviewing these factors and any other relevant characteristics under R.C. 2950.09(B)(2)(j) the trial court may look into the defendant's past behavior. State v.Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 5, affirmed, 84 Ohio St.3d 19. The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2). State v.Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, at 7. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v.Bradley (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported. Furthermore, a single conviction may support a finding that a defendant is a sexual predator in certain cases. See State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, et al., unreported.
Beginning with appellant's objections to the evidence presented at the classification hearing, we find that the trial court correctly considered the transcripts from appellant's plea and sentencing hearings, as well as the victim impact statement authored by his then wife. Although the Ohio Rules of Evidence do not strictly apply to this hearing, the state "offered" the transcripts to the court at the onset of the sexual predator hearing without comment or objection from appellant. The trial court also properly considered the victim impact statement not as proof of appellant's sexual conduct with his youngest son, but as relevant to the factors set forth in R.C. 2950.09(B)(2).
Turning to the factors set forth in R.C. 2950.09(B)(2), there is sufficient evidence to support finding some of the statutory factors. At the time of the offence, appellee was forty-four years old and his victim was only seven years old. See R.C. 2950(B)(2)(a) and 2950(B)(2)(c). Appellant's victim was his own son, and may have also involved his youngest son. See R.C.2950.09(B)(2)(h) and (j). Appellant performed fellatio on his seven-year-old son at least twice and appellant's son engaged in fellatio with him. See R.C. 2950.09(B)(2)(h) and (j).
After thoroughly reviewing the record, we find that there is clear and convincing evidence in the record to support the trial court's determination that appellant is a sexual predator. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.